This case comes to this court on appeal from the decision of the commissioner of boundaries for the second judicial circuit, adjudicating the boundaries of the ahupuaa of Waikapu. After oral argument and the filing of briefs, both parties being represented by counsel, a decision was rendered by this court. Ante, p. 43. Subsequent to the filing of the decision, each of the parties presented a proposed form of decree. Each form is objected to by the opponent, the objection in each instance being that the proposed decree does not conform to the decision. More specifically the objection of the Territory to the form proposed by the petitioner is that in course eleven the description "fails to follow and conform to the line determined by said decision of said court herein as the correct line for course 11, to-wit, a straight line from the cross on rock to Kapoli Spring," and that by course twelve, *Page 119 
"contrary to the determination of said court in said decision," the decree "purports to insert in the description of the boundaries of the ahupuaa of Ukumehame an additional course of 46 feet not called for by the original description of the boundaries of said ahupuaa of Ukumehame, as determined by the boundary commissioner in 1883 in settling the boundaries of said ahupuaa." The objection of the petitioner to the form proposed by the Territory is that in the decision the court determined "that Kapoli Spring is a point on the boundary between the ahupuaa of Ukumehame and the ahupuaa of Waikapu," and also determined that the artificial water hole made by Henry Cornwell and referred to in the opinion of the court at pages 48 and 49 is within and a part of the ahupuaa of Waikapu, while under the terms of the description proposed by the Territory Kapoli Spring is not made a point on the boundary of Waikapu and the artificial well is placed within and as a part of the land of Ukumehame.
The present petition was for the adjudication of the boundaries of the ahupuaa of Waikapu. The description contained in the petition as a statement of the correct boundaries of Waikapu, and which the commissioner and this court were asked to adopt, set forth nineteen courses and distances and no more. It is a land said in the petition to contain an area of about 15,690 acres. Many of the claimed lines of the boundary were not disputed by the Territory, which appeared as a contestant. The controversy between the parties, as it developed at the trial before the commissioner, related only to two subjects, one being the location of a point on a hill and the other being the location of one or two points on or near the seashore. Both parties were agreed in this court that a decree of a commissioner of boundaries, who in 1883 determined the boundaries of the adjoining ahupuaa of Ukumehame, was *Page 120 
determinative of the boundaries or points now in dispute and the issue in this court resolved itself into a consideration and determination of the meaning and the location of three courses and distances which were parts of the decree of 1883 and which were parts, likewise, of the description and survey made by J.M. Alexander, upon whose survey the decree of 1883 was based. As to the point inland, on the hill, the parties are agreed as to how the description in the decree should read. The only issue at present is as to the lines on or near the seashore.
In describing the ahupuaa of Ukumehame, a land of 11,040 acres, the commissioner, in the decree of 1883, began the description "at border of Ukumehame and Olowalu at ocean," that being the southwesterly corner of the land, and ran for twenty-one courses and distances along the ocean. The twenty-second course was "N. 18° 54' E. 27.76 ch. along ocean," without otherwise stating where that course ended. The twenty-third course was "N. 6° E. 144.90 ch. along Waikapu to S. bank of ravine N.W. of Puuhele to rock marked +." The identity and the location of the rock marked with the cross were agreed upon by both parties. As stated in our opinion, which it is sought to effectuate by the decree about to be entered, both parties were agreed before us that the bearing named in Alexander's twenty-third course was erroneous and should be discarded and that the monuments actually used by him in his survey when on the ground should be sought, one as the end of his twenty-second course and the beginning of his twenty-third course and the other as the end of his twenty-fourth course.
The petitioners' claim was that Alexander's twenty-second course ended at a point at the seashore approximately four hundred feet, measured in a straight line, from Kapoli Spring in a southerly direction, that is, towards Olowalu, and that thence (by an extra course) *Page 121 
the boundary ran inland about 140 or 150 feet and thence (this being Alexander's twenty-third course) in a straight line to the marked rock. The contention of the Territory was that Alexander's twenty-second course ended at Kapoli Spring and that thence the twenty-third course ran to the marked rock in a straight line. Giving consideration to Alexander's description and to his map, we said that "if there were nothing else in the case * * * this consideration alone should lead to the conclusion that Kapoli Spring is the point at which the twenty-second and twenty-third courses meet;" but in the testimony of living witnesses who had appeared before the commissioner we found, as we said, "other evidence in the case confirmatory of this view." Our conclusion on this subject, as stated in the opinion, was, not that Kapoli Spring was a point on a common boundary between Ukumehame and Waikapu, but that "the twenty-second course, as described in the commissioner's decision of 1883, ends and the twenty-third course begins at Kapoli Spring." The reference there, of course, was to the twenty-second and twenty-third courses set forth in the decree of 1883, describing the land of Ukumehame. There were only nineteen courses in the description of Waikapu contended for by the petitioners in their petition and those relating to the parts in dispute on and near the seashore were numbered 10, 11 and 12. On the ocean side of Ukumehame there were many points at high water mark (mentioned in the decree of 1883) which were points in the boundary of Ukumehame and which were not points in the boundary of Waikapu. The mere finding that Kapoli Spring (and not the other point 400 feet further south contended for by the petitioners) was the end of Alexander's twenty-second course and the beginning of his twenty-third course was not in itself an adjudication that Kapoli *Page 122 
Spring was also on the boundary of Waikapu or that the land of Waikapu touched Kapoli Spring.
In the opinion filed we did not adjudicate or find that the artificial well dug by Henry Cornwell was within the boundaries of the land of Waikapu. The statement having been made in petitioners' brief that Kapoli Spring "in the meantime seems to have become rather mythical and the only tangible thing remaining seems to be a manmade well" (record p. 115), this court referred to the testimony of living witnesses tending to show that the spring had had a real existence, between high water mark and low water mark, that it was well known to kamaainas who lived in the vicinity and that its location was at a point very near an artificial well which had been dug by Henry Cornwell, the owner of Waikapu "in order that Cornwell's cattle might have water to drink at all stages of the tide." Ante, p. 48. In this connection we referred to the testimony of one Moke Kalani to the effect that "when the digging of the well had commenced Henry Cornwell personally directed the laborers to change its location about two feet further southeast than it was being dug, giving as the reason for his orders that `he did not want to have the well dug on the Ukumehame side.'" Ante, pp. 48, 49. While we did say that "no sufficient reason appears for disbelieving these witnesses," that had reference to their testimony generally and was not a finding that Henry Cornwell finally succeeded in placing the well within the boundaries of Waikapu.
We ruled against the insertion of an extra course not called for by Alexander's description and held that his "twenty-third course," a single course, began at Kapoli Spring. It was admitted that it ended at the marked rock.
The form of decree submitted by the Territory conforms to the opinion and it will therefore be entered. *Page 123